**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 52193/52194/52195**

| | |
|---|---|
| STATE OF IDAHO, ) | |
| ) | **Filed: December 22, 2025** |
| Plaintiff-Respondent, ) | |
| ) | **Melanie Gagnepain, Clerk** |
| v. ) | |
| ) | **THIS IS AN UNPUBLISHED** |
| TISA MARIE ADAMS, ) | **OPINION AND SHALL NOT** |
| ) | **BE CITED AS AUTHORITY** |
| Defendant-Appellant. ) | |
| ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Cassia County. Hon. R. Barry Wood, Senior District Judge.

Order revoking probation, affirmed.

Erik R. Lehtinen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

---

PER CURIAM

In these consolidated appeals, Tisa Marie Adams entered an *Alford*[1] plea to felony battery on a peace officer, Idaho Code §§ 18-915(3)(b), 18-903(a), and injury to a jail or other place of confinement, I.C. § 18-7018 (Docket No. 52193). The district court sentenced Adams to five years on the battery charge and an indeterminate five years for injury to jail, to be served consecutively. In Docket No. 52194, Adams entered an *Alford* plea to aggravated assault, I.C. § 18-905, and was sentenced to five years indeterminate to be served consecutively to the sentences in Docket

---

[1]     *See North Carolina v. Alford*, 400 U.S. 25 (1970).

1

No. 52193.  The district court suspended the sentences in both cases and placed Adams on probation for a period of four years.  Adams later admitted to violating the terms of the probation.  In Docket No. 52195, Adams entered an *Alford* plea to felony possession of a controlled substance, I.C. § 37-2732(c)(1), additional charges were dismissed, and the district court sentenced Adams to a unified term of five years with two years determinate to be served concurrently with the sentences in the previous two cases and retained jurisdiction.  In Docket Nos. 52193 and 52194, the district court revoked Adams' probation and executed her underlying sentences and retained jurisdiction.  Adams completed the period of retained jurisdiction and was placed on probation in all three cases for a period of three years.  Thereafter, Adams again admitted to violating her probation and the district court revoked probation and directed execution of her underlying sentences with credit for time served.  Adams appeals, contending that the district court abused its discretion in revoking probation.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated.  I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988).  In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society.  *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717.  The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under I.C.R. 35 to reduce the sentence.  *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989).  The court may also order a period of retained jurisdiction.  I.C. § 19-2601(4).  A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion.  *Beckett*, 122 Idaho at 325, 834 P.2d at 327.  In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation.  *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012).  Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal.  *Id*.

2

Sentencing is also a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of a sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment. *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of probation. *Id.* Thus, this Court will consider the elements of the record before the trial court that are properly made part of the record on appeal. *Morgan*, 153 Idaho at 621, 288 P.3d at 838.

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion either in revoking probation or in ordering execution of Adams' sentences without modification. Therefore, the orders revoking probation and directing execution of Adams' previously suspended sentences are affirmed.